# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ-PRECIADO,<br><br>                   Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | CASE NO. 14-CV-1368; 11-CR-2880<br><br>**ORDER DENYING 28 U.S.C. §2255 HABEAS PETITION AND DENYING PENDING MOTIONS AS MOOT** |

On July 20, 2011, pursuant to a plea agreement, Rodriguez-Preciado pled guilty to importation of cocaine and methamphetamine. On December 16, 2011, he was sentenced to 135 months in custody, followed by five years of supervised release and a $100 assessment. (Docket no. 33.)[1] On December 19, 2011, Rodriguez-Preciado filed a habeas corpus petition to modify his sentence on the ground that his ineligibility for a two-point sentence reduction through a drug program based on his alien status was a violation of his Fifth and Fourteenth Amendment rights based on his alien status. (Docket no. 34.) The Court concluded that his ineligibility was not a violation of his due process or equal protection rights and denied his petition.

On May 27, 2014, Rodriguez-Preciado submitted a new §2255 petition, alleging that his counsel was ineffective for failure to file a notice of appeal. *See* 28 U.S.C. §2255.

---

[1] All docket numbers in this order are from Case No. 11-CR-2880.

(Docket no. 40.) He also requested this Court grant him retroactive leave to appeal, or extend the time in which he could file a notice of appeal. (Docket nos. 37, 38.)

### I. IFP Motion

Along with his §2255 petition, Rodriguez-Preciado filed a motion to proceed in forma pauperis. No filing fee is required for his habeas petition. *See* Rule 3, Rules Governing §2255 Proceedings, Advisory Comm. Notes (1976) ("There is no filing fee required of a movant under these rules.") *See also United States v. Thomas*, 713 F.3d 165, 173 (3d Cir. 2013). The motion is therefore **DENIED AS MOOT**.

### II. The Statute of Limitations

Pursuant to 28 U.S.C. §2255(f), there is a one-year statute of limitations period on filing habeas petitions. Unless any exception applies, the statutory period begins to run when the judgement becomes final. *See* 28 U.S.C. §2255(f)(1). A judgement of conviction becomes final on the date when the time to file an appeal expires. *See United States v. Buckles*, 674 F.3d 883, 889 (9th Cir. 2011)*; United States v. Schwartz*, 274 F.3d 1220, 1221 (9th Cir. 2001). Rodriguez-Preciado's conviction became final fourteen days after the entry of judgement, on December 30, 2011. *See* Fed. R. App. P. 4(b)(1)(A). He filed his §2255 petition on May 27, 2014, more than two years following finality of the judgement. The Petitioner does not claim that any of the three exceptions to the rule apply. *See* 28 U.S.C. §2255(f)(1).

The limitations period might be tolled for statutory or equitable reasons. The limitation period between two habeas petitions filed in the same court will only be tolled by statute when the second petition is limited to an elaboration of the facts relating to the claims in the first petition. *See Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012). As to equitable tolling, Petitioner has to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *See Holland v. Florinda*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Such extraordinary circumstances include, for example, deprivation of access to legal resources, *see Waldron-Ramsey v. Pacholke*, 556

F.3d 1008, 1013 (9th Cir. 2009), or egregious attorney misconduct, *see Holland*, 130 S. Ct. at 2563. Here, Rodriguez-Preciado does not identify any grounds for tolling. He does not limit his second petition to an elaboration of facts or identify any circumstances beyond his control preventing him from filing on time. The petition is therefore time-barred and for that reason it must be **DENIED**.

### III. Waiver of Collateral Review

Rodriguez-Preciado entered a knowing and voluntary guilty plea and waived his right to appeal or collaterally attack his sentence. A defendant validly waives his right to appeal or collaterally attack a sentence if the language of the waiver encompasses his right to appeal on the grounds raised and he knowingly and voluntarily agrees to waive those rights. *See United States v. Rahman*, 642, F.3d 1257, 1259 (9th Cir. 2011). However, a waiver cannot bar a claim that relates to the validity of the waiver itself, such as ineffective assistance of counsel. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

The Ninth Circuit has upheld the enforceability of waivers, reasoning that the right to bring a collateral attack is derived by statue, and "[a] knowing and voluntary waiver of a statutory right is enforceable." *See United States v. Abarca*, 958 F.2d 1012, 1014 (9th Cir. 1993). Petitioner's plea agreement explicitly waived the right to collaterally attack his sentence unless the Court imposed a custodial sentence above the high end of the guideline range recommended by the United States. (Docket no. 15 at 11: 6-9.) At sentencing, the United States recommended a range of 168 to 210 months in custody, and the Court sentenced Rodriguez-Preciado *below* this range. Therefore, pursuant to the plea agreement, Petitioner validly waived all grounds for collateral review except ineffective assistance of counsel for the plea.

### A. Ineffective Assistance of Counsel

Rodriguez-Preciado's petition seeks relief on the grounds that his counsel was ineffective for failing to file a requested notice of appeal. Petitioner identified only one matter that should have been appealed: a "two point enhancement" sentencing issue. (Docket no. 40.) But Petitioner's pre-sentence report shows that there was no two-point enhancement

1 at sentencing. (Docket no. 23.) Although the petition gives no further details, the Court believes that Petitioner is referring to the two-point sentence reduction for which he is ineligible under the Residential Drug Abuse Program ("RDAP"). This is precisely the issue Petitioner raised in his first habeas petition, which the Court rejected on the merits. (Docket no. 35.)

To state a claim for ineffective assistance of counsel, Rodriguez-Preciado would have to first show that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694.

Here, Rodriguez-Preciado claims that his counsel was ineffective because he failed to file a notice of appeal which prevented him from raising the RDAP eligibility sentencing issue. (Docket no. 40.) The Ninth Circuit has ruled that when a petitioner claims that he asked his attorney to file a notice of appeal, and the attorney fails to do so, the district court should not dismiss the motion prior to an evidentiary hearing. *See United States v. Sandoval-Lopez*, 209 F.3d 1193, 1198 (9th Cir. 2005). But "merely conclusory statements in a §2255 motion are not enough to require a hearing." *See United States v. Johnson*, 988 F. 2d 941 (9th Cir. 1993). Rodriguez-Preciado's petition is as conclusory as they come: his petition's grounds for relief in their entirety are based on "whether counsel was ineffective for failure to file a notice of appeal, when Defendant requested to do so." Finally, *Sandoval-Lopez* will not get Petitioner around the fact that his stated grounds for an appeal have already been adjudicated on the merits. The relief Petitioner seeks - leave to appeal - is at best moot.

Rodriguez-Preciado also fails to demonstrate counsel's deficient performance on any other ground. The plea agreement adequately establishes the factual basis for the plea. There is no indication on the record that Defendant was inadequately advised or mis-

28 / / /

understood his constitutional rights.[2] There was no basis to file a notice of appeal because he waived his right to appeal and the specific grounds for appeal he claims would have been meritless. As noted above, Rodriguez-Preciado already asserted the purported grounds for appeal in the first habeas corpus petition in December 2011, (Docket no. 34), which was denied by the Court on the merits, (Docket no. 35). If the Petitioner had appealed on those grounds, it would have been denied on the same merits. Therefore, Petitioner was not prejudiced by the lack of an appeal. Under these circumstances, no constitutional error occurred. Accordingly, the petition is **DENIED**.

### IV. Successive Petition

Rodriguez-Preciado's petition filed on May 27, 2014 is his second habeas corpus petition under 28 U.S.C. §2255. Because his first petition on the same sentencing issue was denied in 2012, the second petition is a successive petition. Section 2255(h) provides that "a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See* 28 U.S.C. §2255(h). Section 2244(b)(3)(A), in turn, provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* §2244(b)(3)(A). To date, Rodriguez-Preciado has not sought or obtained an order from the appropriate court authorizing him to file a successive §2255 petition.

There are several situations where a "second or successive" challenge to the same judgment does not fall within the bar provided by sections 2244(b) and 2255(h). One of them is when a §2255 petition raises a claim of ineffective assistance of trial counsel for failure to file an appeal from a criminal conviction. *See Johnson v. United States*, 362 F.3d 636, 637 (9th Cir. 2004). However, the *Johnson* ruling made clear that the exception only applies where the petition asserting ineffective assistance of counsel was filed initially rather than subsequently. The Court declines to extend the *Johnson* ruling to Petitioner's situation

---

[2] Petitioner was represented by an experienced criminal defense attorney. There is no evidence of ineffective assistance of counsel. Indeed, Petitioner's 135 months sentence is below the potential 168 month sentence he may have received absent plea negotiations.

where the ineffective assistance of counsel claim is not presented until the second petition. There is no indication in the record why Petitioner could not have presented his ineffective assistance of counsel claim in his first petition. Therefore, the petition must be **DENIED** as a successive petition.

### V. Conclusion and Order

For the reasons given above, the Court **DENIES** Rodriguez-Preciado's petition in its entirety. The petition is barred both by the statute of limitations and as a successive petition. Further, the record makes clear Rodriguez-Preciado voluntarily waived his right to appeal or collaterally attack his sentence, and he failed to demonstrate ineffective assistance of counsel. The petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED:  November 3, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN Burns**
United States District Judge